# Johnson *v.* The State.

### Violating Prohibition Law.

(Decided January 20, 1916.   71 South. 79.)

**Intoxicating Liquors; Evidence.**—The evidence in this case examined and held not to show facts affording an inference of guilt, and not to justify a conviction for unlawful selling.

APPEAL from Winston County Court.

John Johnson was convicted of violating the prohibition law, and he appeals. Reversed and remanded.

[Daniel v. The State.]

The evidence for the state tended to show: That just before Christmas the witness Roden met defendant in the road and asked him if he did not have some whisky. The defendant replied, "No." That the witness saw the whisky in Johnson's buggy, took the package out, wrapped in thin wrapping paper as used in stores, and pitched $1 in defendant's buggy. That Johnson pitched it back and said he could not afford to sell the whisky. The package contained two bottles of rye whisky, not quite a half gallon in all. Defendant's statement was practically the same as the witness above detailed, with the exception that the whisky was wrapped just as it was shipped to him from Tennessee, and that witness took the whisky without his consent.

Z. McVay and Travis Williams, for appellant. W. L. Martin, Attorney General, and H. G. Davis, Assistant Attorney General, for the State.

PELHAM, P. J.—A careful reading of the evidence set out in the bill of exceptions does not seem to the members of the court to show sufficient facts affording an inference of guilt of any crime charged against the defendant in the complaint, or affidavit, upon which he was tried, upon which to base, or justify, a finding and judgment of conviction.

It follows that the judgment of conviction, from which the appeal is prosecuted, must be reversed, and the cause remanded.

Reversed and remanded.